**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CINDY LOU HARRIS,

    Plaintiff,

    v.

DOUBLETREE MANAGEMENT, LLC; aka DoubleTree by Hilton Hotel San Diego; John and/or Jane Does 1-10, individuals; Able-Baker Company 1-10, partnerships; and Black & White Inc. 1-10, corporations,

    Defendants.

3:12-cv-379-RCJ-WGC

**ORDER**

Currently before the Court is Defendant DoubleTree Management LLC's Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, to Change Venue (#4).

**BACKGROUND**

Defendant DoubleTree Management LLC filed a petition for removal based on diversity jurisdiction and attached the complaints filed in the Second Judicial District Court in and for Washoe County, Nevada. (Pet. for Removal (#1) at 1-2; Compl. (#1) at 5-10; First Am. Compl. (#1) at 12-17). In the original complaint, Plaintiff Cindy Lou Harris, a resident of Verdi, Nevada, sued Defendants DoubleTree Management LLC and Hilton Worldwide Inc. (Compl. (#1) at 5-6). In the first amended complaint, Plaintiff only sued Defendant Doubletree Management LLC. (First Am. Compl. (#1) at 12).

In the first amended complaint, Plaintiff alleged the following. (*Id.* at 13). DoubleTree Management LLC ("DoubleTree") was a Delaware limited liability company who operated and managed Hilton properties in the State of Nevada. (*Id.*). Hilton and its brands were actively doing business in the State of Nevada as Homewood Suites by Hilton in Reno, Hilton Garden

Inn in Reno, and Hamilton Inn & Suites in Carson City. (*Id.*). Hilton's other brands such as Conrad Hotels and Resorts, Hilton Hotels and Resorts, DoubleTree by Hilton, Embassy Suites Hotels, Hilton Garden Inn, Hampton Hotels, Homewood Suites by Hilton, Home2Suites by Hilton, and Hilton Grand Vacations "may be doing business" in Nevada. (*Id.*).

Plaintiff alleged the following facts. (*Id.* at 14). On August 11, 2011, Plaintiff and her husband, Randall Harris, traveled to San Diego, California, to attend their daughter's graduation. (*Id.*). They reserved a room at the DoubleTree Hilton Hotel located at 7450 Hazard Center Drive, Mission Valley, San Diego, California. (*Id.*). On August 13, 2011, Plaintiff went to take a shower and as "she stepped into the bathub/shower her foot slipped on the bathtub floor causing her to fall and fracture five of her ribs." (*Id.*). Her ribs were broken and/or severely separated causing substantial pain and bleeding in her right lung. (*Id.*). Prior to August 13th, DoubleTree knew or should have known prior to the incident that the surface of the bathtub/shower was unduly slippery and needed to be repaired and properly maintained to correct its slippery condition. (*Id.*). DoubleTree "failed and neglected to forewarn [Plaintiff] of the bathtub's slippery and dangerous condition before she fell." (*Id.* at 15). DoubleTree failed and neglected to take any precautionary measures to provide for the safety and health of their guests even though it knew of the potential dangerous hazard that existed in the bathroom. (*Id.*). DoubleTree neglected and failed to make rubberized mats readily available and failed to install safety hand grips. (*Id.*). Harris sought in excess of $26,000 for medical expenses; in excess of $50,000 for past and future pain, suffering, discomfort, and disfigurement; and in excess of $5,000 for past and future loss of income. (*Id.* at 16). Harris also sought attorneys' fees and costs. (*Id.*).

The pending motion now follows

## LEGAL STANDARD

In opposing a defendant's motion to dismiss for lack of personal jurisdction, the plaintiff bears the burden of establishing that jurisdiction is proper. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011). Where a defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a

prima facie showing of jurisdictional facts to withstand the motion to dismiss. *Id.* However, the plaintiff cannot simply rest on the bare allegations of its complaint. *Id.* A court may not assume the truth of allegations in a pleading which are contradicted by affidavit, but the court will resolve factual disputes in the plaintiff's favor. *Id.*

## DISCUSSION

DoubleTree files a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), or in the alternative, to change venue to the Southern District of California pursuant to 28 U.S.C. § 1404(a). (Mot. to Dismiss (#4) at 1). DoubleTree asserts that it is a Delaware LLC headquartered in McLean, Virginia, and registered with the Nevada Secretary of State as a foreign LLC. (*Id.* at 3). DoubleTree argues that the only contact between Plaintiff and DoubleTree was the accident that occurred in California. (*Id.*). DoubleTree contends that Plaintiff does not allege facts for specific jurisdiction but attempts to establish general jurisdiction by devoting a paragraph to references to entities that are unrelated to DoubleTree's presence in the State. (*Id.*). DoubleTree asserts that it operates one hotel in Nevada which is located in Clark County. (*Id.*). DoubleTree argues that this Court lacks general jurisdiction over it because it does not have substantial or continuous and systematic contacts in Nevada because it is registered as a foreign LLC and not a domestic LLC. (*Id.* at 7). DoubleTree also argues that it is unreasonable for this Court to exercise personal jurisdiction over it under the facts of the case. (*Id.* at 7-13).

In response, Plaintiff argues that Hilton Worldwide Inc. has a corporate umbrella of a significant number of Hilton properties doing business in Nevada including DoubleTree by Hilton Hotel Las Vegas Airport, Hilton Garden Inn in Elko, Hilton Garden Inn Las Vegas/Henderson, Hilton Homewood Suites in Reno, Hilton Grand Vacations Club in Las Vegas, Hilton Garden Inn in Las Vegas, Hilton Garden Inn Reno, and Hampton Inn & Suites in Carson City. (Opp'n. to Mot. to Dismiss (#11) at 2). Plaintiff argues that DoubleTree is subject to general jurisdiction in Nevada because it operates and manages the DoubleTree by Hilton Hotel Las Vegas Airport and is registered as a foreign corporation with the Nevada Secretary of State. (*Id.* at 6-7). Plaintiff asserts that due process is satisfied because

3

DoubleTree waived service of the first amended complaint. (*Id.* at 7).

In reply, DoubleTree asserts that Hilton Worldwide, Inc. is not a party to this suit and was voluntarily dismissed by Plaintiff in the first amended complaint and, thus, Hilton Worldwide's contacts within Nevada are irrelevant. (Reply to Mot. to Dismiss (#13) at 2). DoubleTree argues that the Federal Rules of Civil Procedure state that acceptance of service does not waive any objection to personal jurisdiction or venue. (*Id.* at 7).

"Due process requires 'that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). The Court may exercise either general or specific personal jurisdiction.

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, __ U.S. __, 131 S.Ct. 2846, 2851, 180 L.Ed.2d 796 (2011). General jurisdiction cases are "instances in which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Id.* at __, 131 S.Ct. at 2853. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* at __, 131 S.Ct. at 2853-54. A corporation's continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity. *Id.* at __, 131 S.Ct. at 2856.

In *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437, 72 S. Ct. 413, 96 L. Ed. 485 (1952), the Supreme Court held that general jurisdiction was permissible. *See Goodyear Dunlop*, __ U.S. at __, 131 S.Ct. at 2856. There, the defendant, who was sued in Ohio, was

a Philippine mining corporation that had ceased activities in the Philippines during World War II.  *Id.*  To the extent that the company was doing any business during that time, it was doing so in Ohio.  *Id.*  The corporation's president had maintained his office in Ohio, kept the company files in that office, and had supervised from the Ohio office "the necessarily limited wartime activities of the company."  *Id.*  The Supreme Court held that, although the claim-in-suit did not arise in Ohio, it would not violate due process for Ohio to adjudicate the controversy.  *Id.*

In *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984), survivors of United States citizens who died in a helicopter crash in Peru instituted wrongful death actions in a Texas state court against the owner and operator of the helicopter, a Colombian corporation.  *See Goodyear Dunlop*, __ U.S. at __, 131 S.Ct. at 2856.  The Supreme Court held that the Colombian corporation had no place of business in Texas and was not licensed to do business there.  *Id.*  The company's contacts in Texas consisted of sending its chief executive officer to Houston for a contract-negotiation session; accepting into its New York bank account checks drawn on a Houston bank; purchasing helicopters, equipment, and training services from a Texas enterprise for substantial sums; and sending personnel to Texas for training.  *Id.*  The Supreme Court held that those links to Texas did not constitute the kind of continuous and systematic general business contacts found to exist in *Perkins* and were insufficient to support the exercise of general jurisdiction over a claim that neither arose out of nor was related to defendant's activities in Texas.  *Id.*

As an initial matter, Plaintiff's argument that DoubleTree is subject to personal jurisdiction in Nevada because it waived service of process is unavailing.  Federal Rule of Civil Procedure 4(d)(5) explicitly states that "[w]aiving service of a summons does not waive any objection to personal jurisdiction or to venue."  Fed. R. Civ. P. 4(d)(5).

The Court finds that it lacks general personal jurisdiction over DoubleTree.  The Court notes that DoubleTree Management LLC and Hilton Worldwide, Inc. are two separate corporations and, thus, Plaintiff must establish facts to exert general jurisdiction over the

corporation it is suing.[1]  Based on the pleadings before the Court, DoubleTree is a Delaware LLC that is headquartered in McLean, Virginia.  DoubleTree operates only one hotel in Nevada–DoubleTree by Hilton Hotel Las Vegas Airport.  Hilton Worldwide, Inc. operates a handful of hotels throughout the state.  DoubleTree is registered as a foreign corporation with the Nevada Secretary of State's Office and has a commercial registered agent in Las Vegas.  Nevertheless, there are no allegations that DoubleTree conducts any national corporate business from its one Las Vegas hotel.  As such, this Court does not find that Nevada is where the DoubleTree corporation is fairly regarded as home.  Additionally, DoubleTree's contacts in the state do not support the demand that it be amenable to suits in Nevada for a claim that arose solely out of actions that occurred in its San Diego, California hotel.  Accordingly, the Court finds that it lacks personal jurisdiction over Defendant DoubleTree and grants DoubleTree's Motion to Dismis for Lack of Personal Jurisdiction (#4).

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant DoubleTree Management LLC's Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, to Change Venue (#4) is GRANTED.  The Court dismisses this case for lack of personal jurisdiction over Defendant.

The Clerk of the Court shall enter judgment accordingly.

DATED: This 27th day of February, 2013.

_____
United States District Judge

---

[1] Under the alter ego test, a court "may find the necessary contacts to support the exercise of personal jurisdiction over a foreign parent company by virtue of its relationship to a subsidiary that has continual operations in the forum." *Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 920 (9th Cir. 2011).  This test is "predicated upon a showing of parental *control* over the subsidiary." *Id.*  In this case, Plaintiff has not established that Hilton Worldwide, Inc. controls DoubleTree such that there is a unity of interest and ownership that the separate personalities of the two entities no longer exist and that the failure to disregard their separate identities would result in fraud or injustice.  *See id.*